UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-81593-BLOOM

BRANDON WHEAT,

    Plaintiff,
v.

SHERIFF RIC BRADSHAW,

    Defendant.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court on Plaintiff Brandon Wheat's *pro se* civil rights Complaint under 42 U.S.C. § 1983, ECF No. [1], and Motion for Leave to Proceed *in forma pauperis*, ECF No. [3]. In the Complaint, Plaintiff raises a construed deliberate indifference to unconstitutional conditions of confinement claim against Defendant Sheriff Ric Bradshaw. *See generally* ECF No. [1]. Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. § 1915(e) apply. Under that statute, the Court shall dismiss a suit "at any time if [it] determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Upon application of the screening provisions, the Court finds the Complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

The factual allegations substantiating Plaintiff's Complaint are very brief. Plaintiff is presently confined in unsafe conditions. *See* ECF No. [1] at 3. Plaintiff states his cell contains airborne mold that is exacerbating his asthma and other pulmonary ailments. *See id.* Plaintiff asks

that this Court order Defendant Bradshaw to transfer Plaintiff to Martin County Jail so that his physical condition does not deteriorate further. *See id.* at 3-4.

## II. LEGAL STANDARDS

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). More importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (alteration adopted; citation and quotation marks omitted).

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)). Still, a *pro se* party must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## III. DISCUSSION

The Complaint suffers from two deficiencies that compel its dismissal. First, the Complaint fails to state a claim. Second, Plaintiff has not paid the filing fee or submitted a proper motion to proceed *in forma pauperis*. Both deficiencies are addressed below.

Case No. 23-81593-CIV-BLOOM

### A. Failure to State a Claim

Plaintiff fails to plausibly allege a deliberate indifference to unconstitutional conditions of confinement claim against Defendant Bradshaw. To successfully plead such a claim, a plaintiff must allege facts that meet both an objective and a subjective standard.[1] *See Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). In an imprisonment context, when the "punishment" at issue is alleged to be abusive conditions of confinement, the objective standard looks to whether those conditions were severe enough to rise to cruel and unusual punishment. *Id.* As to the subjective standard, a plaintiff must allege facts demonstrating that an official acted with deliberate indifference, meaning that "the official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Id.* at 1289-90 (quotation marks and citation omitted). Plaintiff fails to plausibly allege facts that would satisfy these standards.

Plaintiff's deliberate indifference to unconstitutional conditions of confinement claim fails because he does not allege that Defendant Bradshaw knows of the conditions in which he is currently confined or that he has the power to change them. As such, Plaintiff fails to plausibly allege a deliberate indifference to unconstitutional conditions of confinement claim against Defendant Bradshaw and, thus, the Complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Plaintiff's failure to specify his prisoner status is of no consequence as the standard analyzing deliberate indifference to unconstitutional conditions of confinement claims is the same for both convicted prisoners and pretrial detainees. *See Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1574 (11th Cir. 1985) ("This court holds that in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons."); *Walters v. Sheldon*, No. 23-14255-CIV, 2023 WL 5670383, at *4 n.4 (S.D. Fla. Sept. 1, 2023).

Case No. 23-81593-CIV-BLOOM

### B. Failure to State a Fourteenth Amendment Failure to Protect Claim

Plaintiff's Motion for Leave to Proceed *in forma pauperis* [ECF No. 3] is also legally insufficient. "A prisoner who seeks to proceed [*in forma pauperis*] must comply with the requirements of 28 U.S.C. § 1915(a)." *Bourassa v. Dozier*, 832 F. App'x 595, 597 (11th Cir. 2020). Under § 1915(a), a plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint[.]" 28 U.S.C. § 1915(a)(2). Plaintiff has failed to do so. *See generally* ECF No. [3].

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff Brandon Wheat's Complaint **[ECF No. 1]** is **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), and his Motion for Leave to Proceed *in forma pauperis* **[ECF No. 3]** is **DENIED** as moot. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 5, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Brandon Wheat, *PRO SE*
0542568
Palm Beach County Jail
Inmate Mail/Parcels
Post Office Box 24716
West Palm Beach, Florida 33416

4